**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OFFICERS FOR JUSTICE; et al., | No. 09-16399 |
| Plaintiffs - Appellants, | D.C. Nos. 3:73-cv-00657-CRB |
| and | 77-cv-02884-CRB |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| THE CIVIL SERVICE COMMISSION OF CITY AND COUNTY OF SAN FRANCISCO; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted October 6, 2010
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Officers for Justice and individual appellants ("OFJ") appeal the district court's interpretation of and denial of enforcement of two stipulations and orders entered into by OFJ and the City and County of San Francisco and city officials ("City"). We review de novo the district court's interpretation of a consent decree. *Nehmer v. U.S. Dep't of Veterans Affairs*, 494 F.3d 846, 855 (9th Cir. 2007). We affirm.[1] Because the parties are familiar with the facts, we repeat them only as necessary to explain our decision.

In 1998, the parties entered into court-approved stipulations and orders, one of which stipulated to the procedures for appointments to the Q-35 Assistant Inspector rank ("Q-35 Order") and the other which terminated in part and modified in part a long-standing consent decree ("Termination Order"). Pursuant to the Q-35 Order, the City was obligated to make all appointments to the rank of Assistant Inspector from the corresponding Assistant Inspector eligibility list. In 2007, the City assigned investigative duties (duties generally performed by an Assistant Inspector) to those holding the rank of Sergeant. OFJ contends that the assignment of investigative duties to those holding the rank of Sergeant constituted an appointment to the rank of Assistant Inspector, in violation of the Q-35 Order.

---

[1] We grant OFJ's request to take judicial notice of The Civil Service Commission's official hearing transcripts.

The district court did not err in its interpretation of the stipulations and orders. A consent decree is treated like a contract for enforcement purposes. *United States v. Asarco, Inc.*, 430 F.3d 972, 980 (9th Cir. 2005). "The rules of contract interpretation of the situs state govern the interpretation of the consent decree." *Gates v. Rowland*, 39 F.3d 1439, 1444 (9th Cir. 1994). Under California law, if contractual language is clear and explicit, it governs. Cal. Civ. Code § 1638; *California v. Allstate Ins. Co.*, 45 Cal.4th 1008, 1019 (2009).

In this case, the stipulations and orders are clear and explicit. The specific language in the Q-35 Order provides that Assistant Inspector "appointments" will be made from the list. It does not address the assignment of general Assistant Inspector duties to those outside of the Assistant Inspector rank, and we reject OFJ's contention that the plain meaning of the terms includes the prohibition on the assignment of investigative duties.

OFJ also argues that Civil Service Commission Rules, which presumably prohibit the City's actions here, should be incorporated as a part of the Q-35 Order and that a violation of those rules should be considered a violation of the court's order. Pursuant to California law, applicable laws in existence when an agreement is made are incorporated into the agreement. *See Edwards v. Arthur Andersen LLP*, 44 Cal.4th 937, 954 (2008). However, this rule of construction and contract

3

interpretation is unnecessary in this instance because, as discussed above, the language of the stipulation and order is clear.

OFJ also urges this court to consider the underlying purposes of the stipulations and orders, but the language of the stipulations and orders is clear and explicit, and the court "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 349-50 (2000).

**AFFIRMED**.